UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-398-BAH |
| | : | |
| JAMES MCGREW, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S REPLY[1]

The government briefly responds to the defendant's reply. As to the specific content within the videos and the characterizations of the defendant's conduct, the videos speak for themselves.

As to the first video the defendant references in his reply at pages 5-7, BWC X6039BCTB, the government has uploaded the video onto USAFx for the Court to review. The 22:36 minute BWC footage is Video 15. The government produced the video during discovery. The government does not object to the video being available to the public.

To place the video in context, the conduct the defendant is referring to ends at 15:05:55 pm, as noted in the defendant's reply brief at 6. The defendant further states, "the video does not

---

[1] The government understands its obligations to the Court and takes them seriously. After reviewing the defendant's initial reply to the government's opposition, the government immediately re-reviewed the CCTV footage and determined that it was not possible to represent to the Court that the defendant touched the ladder. At the hearing, the government withdrew the sentence in its opposition regarding the ladder. None of the charges in this case have been or are related to the belief that the defendant assisted in moving the ladder. Although the government has already withdrawn this claim, the government has provided the Court with the CCTV footage that it re-reviewed in order to provide context as to the government's mistake and the defendant's location in proximity to the ladder and the tunnel. The 20-minute CCTV footage is Exhibit 16. The government produced the video during discovery. The ladder appears 9:47 minutes into the video. The government does not object to the video becoming publicly available.

show whether there was an impact by Mr. McGrew as the camera becomes obscured by another Officer."

The impact is depicted in Video 3, at 15:05:55 pm, or approximately 1:45 minutes into the video. Notably, the defendant seems to concede in his reply that the MPD officer did not touch the defendant before the defendant struck the officer, as depicted in Video 3. This impact is the basis for the 18 U.S.C. § 111(a) charge.

The defendant refers to Video 4 in his reply at pages 7-9. The altercation with the officer in Video 4 is not the basis for the 18 U.S.C. § 231(a) charge. This incident happened at approximately 15:08 pm, and as the government notes in its opposition, the basis for the 18 U.S.C. § 231(a) charge occurred at 15:07 pm. The basis for the charge is in Video 3 and begins at approximately 2:57 minutes into the video. The altercation in Video 4 occurred afterwards.

In pages 9 through 13, the defendant characterizes the situation before and after Video 7 near the entrance of the Lower West Terrace. The government has uploaded the full video onto USAFx that was provided to the defendant. The 14:52 minute BWC video is Video 17. The government does not object to the video being publicly disclosed.

## CONCLUSION

As noted in the government's opposition, the totality of the defendant's actions before, during, and after January 6, 2021 warrant detention, based on dangerousness and risk of flight. On January 6, the defendant first appeared at the West Plaza near the front of the mob, cheering as officers retreated from their position. The defendant then entered the U.S. Capitol through the Upper West Terrace, while encouraging other rioters to enter with him. After entering, the defendant engaged in assaultive behavior in the Rotunda, as he told officers that he refused to leave. Despite having been pepper sprayed at these locations, the defendant then re-appeared at

the forefront of the Lower West Terrace, where he launched a pole at officers. The defendant then engaged in a push against the officers within the tunnel in an attempt to breach the tunnel and enter the Capitol.

In addition to this conduct, the defendant's criminal history before and after January 6 should be taken into consideration. The defendant has a history of drug-related convictions, violations of probation, and contempt of court violations. The defendant was in violation of his parole on January 6, 2021 and was in violation of probation following January 6, by living in California after his in-patient treatment ended and then being in Arizona, California, and Mexico without the permission of his probation officer.

For the reasons set forth in the government's opposition, the defendant has repeatedly shown that he is a danger, that he is at risk of flight, and that he cannot comply with conditions set by courts and officers of the court. Accordingly, the government asks for the Court to detain the defendant.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By:     /s/ Lucy Sun
Lucy Sun
Assistant United States Attorney
Massachusetts Bar Number 691766
United States Attorney's Office
Detailee – Federal Major Crimes
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: (617) 590-9468
Email: lucy.sun@usdoj.gov